ORIGINAL
Đ€ F
C /M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUNDS,
PENSION FUND, ANNUITY FUND,
EDUCATION AND TRAINING FUND and
OTHER FUNDS and SILVIA BALDO, in her
fiduciary capacity as Administrator of the
Cement and Concrete Workers District
Council Welfare Fund, Pension Fund and
Annuity Fund

**MEMORANDUM AND ORDER**

Case No. 06-CV-2953 (FB) (RML)

and

BARRY KAPLAN, as President of the
CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL and in his fiduciary
capacity as a Trustee of the EDUCATION
AND TRAINING FUND

Plaintiffs,

-against-

AZZARONE CONTRACTING CORP.
and ALAN D. BOUKNIGHT

Defendant.
-----------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
JOSEPH S. KAMING, ESQ.
Kaming & Kaming
156 East 65th Street
New York, NY 10021

**BLOCK, Senior District Judge:**

On July 27, 2007, Magistrate Judge Levy issued a Report and

Recommendation ("R&R") recommending that, pursuant to § 502 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, plaintiffs be awarded $23,921.32 in unpaid contributions, $4,821.92 in liquidated damages, $5,382.29 in interest, $1,400 in attorney's fees and $480 in costs, for a total of $36,005.53; the magistrate judge further recommended that plaintiffs' request for a second audit of defendants' books be denied.

The R&R recited that "[a]ny objections . . . must be filed with the Clerk of Court . . . within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order." R&R at 12. Plaintiffs' counsel served the R&R on defendants by mailing a copy to their last known address on August 23, 2007, making objections due by September 10, 2007. *See* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."), 6(e) (adding three days for responses to documents served by mail). To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir.

2000). Here, nothing in the R&R suggests plain error. Accordingly, the Court adopts the R&R without *de novo* review.

**SO ORDERED.**

S/Frederick Block, USDJ

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 11, 2007